Opinion filed November 1, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed November 1,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00374-CR 

                                                    __________

 

                                 KENT DEWAYNE GOBER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR16944

 



 

                                                                   O
P I N I O N

 

The
jury convicted Kent DeWayne Gober of possession with intent to deliver four
grams or more but less than 200 grams of a controlled substance
(methamphetamine) and assessed his punishment at twenty-five years confinement
and a $5,000 fine.  We affirm.








Police
officers received information from a confidential informant concerning Gober. 
Based upon this information, they obtained a search and arrest warrant
authorizing them to arrest Gober and search his residence and a 1991 red Ford
pickup.  They began looking for Gober and saw him driving a 1990 maroon
Oldsmobile.  The officers stopped Gober, placed him under arrest, and searched
the vehicle.  They found a small blue zip-lock bag containing over ten grams of
a substance they suspected was methamphetamine.

Gober
filed a motion to suppress, arguing that the vehicle search was illegal because
the search warrant only authorized a search of his residence and a 1991 red
Ford pickup.  The trial court conducted an evidentiary hearing and denied his
motion.  Gober challenges that ruling on appeal.

When
reviewing the trial court=s
ruling on a motion to suppress evidence, we apply a bifurcated standard of
review, giving Aalmost
total deference to a trial court=s
determination of historic facts@
and reviewing de novo the trial court=s
application of the law of search and seizure.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000).  If the issue is one of application of
law to facts and the ultimate resolution of that issue does not turn on an
evaluation of credibility and demeanor of a witness, then we may review that
issue de novo.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  Furthermore, we will sustain the trial court=s ruling admitting the evidence if the ruling
is reasonably supported by the record and correct on any theory of law
applicable to the case.  Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim.
App. 2003).

The
warrant did not provide independent authorization to search Gober=s vehicle, but because it
was searched incident to his arrest, no search warrant was necessary.  See
Thornton v. United States, 541 U.S. 615, 617 (2004); see also New York
v. Belton, 453 U.S. 454, 460 (1981) (police may search the passenger
compartment of a vehicle and containers within it when the search is a
contemporaneous incident to a lawful arrest).  Gober does not challenge the
police=s authority to
arrest him.  Because Gober was properly taken into custody, the police were
authorized to search his vehicle.  Issue one is overruled.








Gober
next argues that the trial court erred by admitting a statement he made when
the zip-lock bag found in his car was opened, contending that this violated Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon 2005).  Officer Billy Bloom, with the West Central Texas Interlocal
Crime Task Force, testified that,  when Gober was stopped, the officers showed
him the warrant and advised him of his Miranda[1]
rights.  Officer Bloom testified that Gober then told them that he did not wish
to say anything.  Gober objected to any further testimony, contending that it
violated his right to remain silent.  The trial court excused the jury and
conducted a hearing.  During the hearing, Officer Bloom testified that, after
Gober elected to remain silent, he asked Gober who owned the vehicle and that
Gober responded that it belonged to his passenger.  Officer Bloom then held up
the bag and said, ASo
this is hers, too?@
Gober replied, ANo.@  Officer Bloom unzipped
the bag, saw its contents, held it open, and heard Gober say, AThat=s mine, too.@

The
State conceded that Gober=s
response to Officer Bloom=s
question about the car was inadmissible and, without conceding to Gober=s argument, indicated that
it would not attempt to admit Gober=s
response to Officer Bloom=s
question about the bag.  The trial court ruled that Officer Bloom=s questions were a
custodial interrogation and that Gober=s
responses were inadmissible under Article 38.22.  The trial court, however,
held that Gober=s last
statement AThat=s mine, too@ did not stem from the
custodial interrogation, was res gestae of the arrest, and was admissible.[2]
    Gober does not contend that Officer Bloom verbally asked him who owned the
methamphetamine, but he argues that the trial court erred because under the
circumstances his statement AThat=s mine, too@ was still the product of a
custodial interrogation.   The United States Supreme Court held in Rhode
Island v. Innis, 446 U.S. 291, 301 (1980), that Ainterrogation@
means more than express questioning and includes Aany
words or actions on the part of the police (other than those normally attendant
to arrest and custody) that the police should know are reasonably likely to
elicit an incriminating response from the suspect.@  Gober contends that Officer Bloom=s act of holding the bag
open immediately after asking about the ownership of the car and bag was part
of a custodial interrogation because it was intended to elicit a response.  We
disagree because Innis requires more than subtle compulsion.








Gober
may have felt some compulsion to speak when Officer Bloom held open the bag,
but the facts of Innis demonstrate that more is necessary to constitute
a custodial interrogation.  Innis was arrested for the suspected robbery of a
taxicab driver with a shotgun.  He was unarmed when arrested.  Innis was
repeatedly given Miranda warnings and, after indicating his desire to speak
with a lawyer, was placed in the back of a police car for transport.  While en
route, two police officers mentioned the fact that a school for handicapped
children was nearby and discussed their concern that one of the children might
find a weapon with shells and hurt themselves.  Id. at 294-95.  One
officer said that it would be too bad if a little handicapped girl picked up
the gun and killed herself.  Innis told the officers to turn the car around so
that he could show them where the gun was located.  They did, and he took them
to a nearby field where they found a hidden shotgun.  Id. at 295.  

The
Court, over a vigorous dissent from Justice Marshall, held that, even though
Innis was subjected to subtle compulsion which struck a responsive chord, he
was not interrogated because the record did not establish that his statement
was the product of words or actions that the officers should have known were
likely to elicit an incriminating response.  Id. at 303.  Justice
Marshall wrote that he was Autterly
at a loss@ to
understand how a direct appeal to Innis=s
conscience B the
assertion that if the weapon was not found a helpless, handicapped little girl
on her way to school would be hurt or killed B
could not constitute an interrogation.  Id. at 305-06.  If the pressure
placed upon Innis is not interrogation, Officer Bloom=s simple act of holding the zip-lock bag up B even though he did so
immediately after asking Gober who owned the bag B
is not a custodial interrogation.  Issue two is overruled.

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

November 1, 2007

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.









[1]Miranda v. Arizona, 384 U.S. 436 (1966).





[2]Article 38.22, section 5 provides:

 

Nothing in this article precludes the admission of a statement made by
the accused . . . that is the res gestae of the arrest or of the offense, or of
a statement that does not stem from custodial interrogation, or of a voluntary
statement, whether or not the result of custodial interrogation, that has a
bearing upon the credibility of the accused as a witness, or of any other
statement that may be admissible under law.